S02Y1527. IN THE MATTER OF AUDLEY ANTHONY BURRELL.
(575 SE2d 508)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Notice of Discipline filed by the State Bar alleging that Audley Anthony Burrell violated Standards 44 (wilful abandonment or disregard of a legal matter to the client's detriment); 61 (lawyer shall promptly notify client of receipt of funds, securities or other property and promptly deliver same to client); 63 (lawyer shall maintain

record of all funds, securities and other properties of client coming into lawyer's possession and promptly render an accounting to client regarding those funds); and 65 (lawyer shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity and no funds shall be withdrawn from a lawyer's trust account for the lawyer's personal use, except for attorney's fees debited against a specific client's account and recorded as such); and Rule 9.3 (lawyer shall respond to disciplinary authorities in accordance with State Bar Rules) of the Georgia Rules of Professional Conduct, all of Bar Rule 4-102 (d). A violation of Standards 44, 61, 63 and 65 is punishable by disbarment, while the maximum sanction for a violation of Rule 9.3 is a public reprimand. This Court entered an order of suspension against Burrell on February 12, 2002.

Burrell has failed to keep the State Bar advised of his current address. He thus was served by publication, but failed to respond within the time permitted; therefore, the allegations of the Notice of Discipline are deemed admitted. These facts show that in September 1997, Burrell represented the seller of real property; in connection with that representation, Burrell agreed to act as escrow agent; in that capacity he took receipt of $10,000, which he was to disburse in accordance with the parties' contract after the closing; although he deposited the money into his trust account, Burrell failed, after the closing, to account for the $10,000 and/or to disburse the monies; instead, Burrell withdrew the money for his personal use.

Based on the above, we find that disbarment is the appropriate sanction for Burrell's actions. Accordingly, the name of Audley Anthony Burrell hereby is removed from the rolls of persons entitled to practice law in the State of Georgia. Burrell is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.